IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00929-WJM-MJW

DARRELL GASH,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
DENVER FIRE DEPARTMENT,
DENVER POLICE DEPARTMENT, and
DENVER HEALTH MEDICAL CENTER

Defendants.

---

**RECOMMENDATION ON
(1) MOTION TO DISMISS BY DEFENDANT "DENVER HEALTH MEDICAL CENTER"
(Docket No. 11)
AND
(2) AMENDED MOTION TO DISMISS (Docket No. 22) FILED BY THE CITY AND
COUNTY OF DENVER, DENVER FIRE DEPARTMENT, AND DENVER POLICE
DEPARTMENT**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3) issued by Judge William J. Martinez on April 6, 2012.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Darrell Gash asserts the following in his Complaint (Docket No. 1). On the night of February 10, 2012 and early morning of February 11, 2012, plaintiff and a friend were drinking at a bar when plaintiff's friend became ill. Shortly thereafter, firefighters and paramedics arrived to assist plaintiff's friend. At some point a firefighter asked plaintiff to exit the bar, and when plaintiff did, four to five of the firefighters

grabbed plaintiff, threw him against a wall, and handcuffed him. Plaintiff was then pulled away from the wall and forced to the ground.

Eventually a Denver police officer arrived, placed plaintiff in her cruiser, and transported plaintiff to jail where plaintiff was confined for three days. Plaintiff claims he told a staff member of Denver Health Medical Center about his particular medical conditions, including plaintiff's HIV-positive status, and related the medication he would need while in jail. Plaintiff was given blood pressure medication and Tylenol, but no HIV medication.

Plaintiff's Complaint includes three claims related to the alleged excessive force used while he was being detained, the lack of probable cause for his arrest, malicious prosecution, and the lack of HIV medication while plaintiff was in jail.

**PENDING MOTIONS**

Now before the court for a report and recommendation are the following two dispositive motions**:** (1) Motion to Dismiss by Defendant "Denver Health Medical Center" (Docket No. 11) and (2) the Amended Motion to Dismiss (Docket No. 22) filed by the City and County of Denver, the Denver Fire Department, and the Denver Police Department (collectively "the Denver Municipal Defendants").

The court has carefully considered the Complaint (Docket No. 1), the motions to dismiss (Docket Nos. 11 & 22), plaintiff's response (Docket No. 24), and the Denver Municipal Defendants' reply (Docket No. 26). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following

findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d

4

1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935

5

F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**1. Denver Health Medical Center's Motion to Dismiss**

A delay or denial of medical care constitutes an Eighth Amendment violation only if there has been deliberate indifference which results in substantial harm. See Shupe v. Wyo. Dept. of Corr., 290 Fed. Appx. 164, 169 (10th Cir. 2008) (citing Kikumura v. Osagie, 461 F.3d 1269, 1292 (10 Cir. 2006)). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).

Plaintiff's Complaint is completely devoid of any allegations that he suffered substantial harm as the result of not receiving HIV medication for the three days he spent in jail. Plaintiff does not identify how his health suffered due to the lack of medication. Indeed, plaintiff does not allege any effect, let alone a substantial effect,

6

the lack of medication had on him.[1] Accordingly, the court finds that plaintiff has failed to allege an Eight Amendment violation against Denver Health Medical Center.

**2. The Denver Municipal Defendants' Motion to Dismiss**

The Denver Municipal Defendants, as local government entities, cannot be held liable for the acts of their employees on a theory of *respondeat superior*. Brammer-Hoelter v. Twin Peaks Charter Academy, 602 F.3d 1175, 1188 (10th Cir. 2010). Rather, the Denver Municipal Defendants can only be held liable for their own acts - acts which have been sanctioned or ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

"[T]o establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Thus, to state a claim pursuant to municipal liability, a plaintiff must adequately allege a policy or custom. See Ames v. Miller, 247 Fed. Appx. 131, 134 (10th Cir. 2007); Meadows v. Whetsel, 245 Fed. Appx. 860, 862-63 (10th Cir. 2007); Hodges v. City & Cnty. of Denver, 240 Fed. Appx. 252, 254 (10th Cir. 2007); Beadle v. Wilson, 422 F.3d 1059, 1074 (10th Cir. 2005).

---

[1] Plaintiff's response to Denver Health's motion completely ignores the HIV medication issue and instead focuses on the fact that plaintiff did not receive herpes medication while he was in jail. Plaintiff's Complaint makes no mention of a herpes infection or lack of herpes medication.

7

Here, plaintiff does not allege that a policy or custom existed which caused plaintiff's alleged injuries. Plaintiff does not identify a formal municipal regulation, or a municipal policy statement, or a municipal custom that caused his injuries. Neither does plaintiff allege that his injuries were caused by an action taken pursuant to a decision made by a person with authority to make policy decisions on behalf on the Denver Municipal Defendants. Accordingly, the court finds that plaintiff has failed to state a claim against the Denver Municipal Defendants.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss by Defendant "Denver Health Medical Center" (Docket No. 11) be **GRANTED**. It is further

**RECOMMENDED** that the Amended Motion to Dismiss (Docket No. 22) filed by the Denver Municipal Defendants be **GRANTED**. It is further

**RECOMMENDED** that plaintiff's Complaint be dismissed in its entirety.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

8

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  July 27, 2012                  s/ Michael J. Watanabe
      Denver, Colorado             Michael J. Watanabe
                                              United States Magistrate Judge